UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRYAN O'BRIEN on behalf of himself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | |

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(Administrative Procedure Act Case)

## JURISDICTION AND VENUE

1. This action arises under the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701-706, and the Higher Education Act (the "HEA") and its amendments, 20 U.S.C. § 1001, et seq. This Court has jurisdiction over this case as it arises under federal law. 28 U.S.C. § 1331.

2. This Court is authorized to grant the relief requested in this case pursuant to the APA, 5 U.S.C. § 706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the HEA, 20 U.S.C. § 1082, and Federal Rule of Civil Procedure 23.

1

3. Venue is proper in this judicial district because Named Plaintiff O'Brien resides in this district and no real property is involved in the action. 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff Bryan O'Brien is a resident of Marshfield, located in Plymouth County, Massachusetts.

5. Defendant Linda McMahon is the Secretary of Education (the "Secretary") and charged by statute with the supervision and management of all decisions and actions of the United States Department of Education. Plaintiffs sue Linda McMahon in her official capacity.

6. Defendant United States Department of Education (the "Department") is an "agency" of the United States, within the meaning of the APA, 5 U.S.C. § 701(b)(1). It is responsible for overseeing and implementing rules for the federal student aid program.

## ALLEGATIONS COMMON TO THE CLASS

*Administrative Procedure Act*

7. The APA requires that "[e]ach agency . . . [g]ive an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e).

8. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "Agency action" includes the "failure to act." 5 U.S.C. § 553(e).

9. A Court "shall – compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

10. A Court shall also "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

*The Secretary's Authority over Direct Loans*

11. Title IV of the HEA, 20 U.S.C. §§ 1070-1099, provides the statutory authorization for federal student loan programs, including the Direct Loan program.

12. Under the Direct Loan program, the federal government directly issues student loans to eligible student borrowers for use at "participating institutions of higher education" as approved by the Department. See 20 U.S.C. § 1087a.

13. The Secretary oversees and is responsible for these programs. See 20 U.S.C. § 1070.

*The Department's Debacle*

14. From March 13, 2020, the Department implemented an administrative forbearance in response to the COVID-19 pandemic, automatically pausing payments for eligible loans and setting borrower interest rates to 0% under the CARES ACT.

15. Payment suspension was extended several times, up to September 1, 2023.

16. The Department represented that borrowers would face no risks in making payments during the suspension period, as they would be eligible to have such money refunded to them upon request.

17. The refund benefit ended on August 28, 2023.

18. The 0% interest rate ended on September 1, 2023.

19. Payments on student loans restarted on October 1, 2023.

20. The Department failed to issue refunds for timely received requests until at least December 21, 2023.

21. Across the months of September, October, November and December of 2023, while the Department held up the disbursements of the refunds, the Department charged individual borrowers interest on the money it continued to maintain in government and/or its partner accounts.

## **CLASS ACTION ALLEGATIONS**

22. The Department's actions and inaction have caused and continue to cause class members harm both directly and indirectly, with impaired credit restricting their options regarding housing, employment, and transportation, among other damages.

23. Named Plaintiff O'Brien files this action on behalf of himself and all other individuals similarly situated. He seeks to represent a class consisting of:

*All people who borrowed money under a federal loan program to pay for a program of higher education, who made payments against such loans during the COVID-19 payment pause, who requested some or all of those payments be refunded to them before August 28, 2023, and who continued to be charged interest on such payments before the funds were actually refunded.*

24. The proposed class satisfies the requirements of Rule 23(a) of the Federal Rule of Civil Procedure.

    a. The class is so numerous that joinder of all members is impracticable.

    b. There are questions of law and fact common to the class, including without limitation, whether the Department has a mandatory duty to credit individual borrowers for interest charged on funds that were actually with the Department and/or under its control.

    c. The claims of Named Plaintiff O'Brien are typical/identical to the claims of the proposed class.

25. Named Plaintiff O'Brien is an adequate representative of the class because his interests do not conflict with the interests of the Class he seeks to represent, because he intends to prosecute this action vigorously and retain counsel competent and experienced in class action litigation.

26. A class action is superior to other available means for the fair and efficient adjudication of the claims of Named Plaintiff O'Brien and the class as each member has been damaged by the same Department policy to charge interest on funds that remained under its own control.

27. A class is appropriate under Federal Rule of Civil Procedure 23(b)(2) because the Defendants' action in charging interest applies generally to the class, such that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

28. A class is also appropriate under Federal Rule of Civil Procedure 23(b)(1) because prosecuting separate actions could create inconsistent or varying adjudications that could establish incompatible standards of conduct for the Department. Similarly, the adjudication of one class member's claims would, as a practical matter, be dispositive of the interests of the other members not party to the adjudication.

## CAUSES OF ACTION

### COUNT I: Unlawfully Withheld or Unreasonably Delayed Agency Action – APA § 706(1)

29. Plaintiffs repeat and re-allege the foregoing paragraphs as if full set forth herein.

30. Defendants have violated the APA, 5 U.S.C. § 706(1) because they, despite having no grounds to deny or otherwise subject the refund requests to additional review, refused to grant refund requests within a reasonable time, instead waiting months after the Department had already resumed charging interest on such monies to issue the refunds.

31. Pursuant to the APA, a court "shall [] compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

32. Defendants' inaction has harmed and prejudiced Named Plaintiff O'Brien and members of the proposed class.

33. The Department has repeatedly acted in bad faith in refusing to address the above concerns when they were raised to the Department and their partners.

34. The Court should declare that the Department has violated the APA and compel the Department to compensate class members for the unreasonable delays in issuing refunds.

### COUNT 2: Arbitrary and Capricious Final Agency Action – APA § 706(2)

35. Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth herein.

36. Defendants have adopted a policy under which the Department charges interest on loans that were paid off and not refunded.

37. The policy of charging interest without issuing refunds constitutes a final agency action within the meaning of the APA.

38. This policy is also arbitrary and capricious and not otherwise in accordance with the law because Defendants have a legal obligation to return payments that were subject to timely refund requests. Its refusal to waive interest charges on monies it had in government accounts is inconsistent with that legal duty.

39. Defendants have further adopted this policy without articulating a satisfactory explanation as to its adoption and without considering the harm its inaction causes to class members.

40. The Court should declare that the Department's final agency action is unlawful and vacate its refusal to waive the relevant interest charges.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in their favor and grant the following relief:

A. Certify the class as defined above, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Declare that the Department's policy of charging individual borrowers interest on funds that were in the accounts of the government or its loan servicer partners, or otherwise under the Department's control, is unlawful;

C. Compel the Department to adequately adjust loan balances for borrowers to credit and otherwise compensate class members for sustaining such unlawful charges;

D. Retain jurisdiction as appropriate;

E. Award reasonable costs and attorneys' fees as authorized by law; and

F. Grant such further relief as may be just and proper.

Respectfully submitted this 19th day of March, 2025.

*Bryan O'Brien*

Bryan O'Brien, BBO # 70424
451 Highland Street
Marshfield MA 02050
(781) 732-1414
bryanoobrien@gmail.com